## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | Case No.    3:25-cv-181 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMBRIA HEIGHTS SCHOOL | : | |
| DISTRICT and ISAAC B. VESCOVI, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

### COMPLAINT

NOW COMES, the Plaintiff, Jane Doe, by and through her attorneys, Spence, Custer, Saylor, Wolfe & Rose, LLC, and files this Complaint:

### Parties

1.     The Plaintiff, Jane Doe ("Plaintiff"), is an adult individual and resident of the Commonwealth of Pennsylvania with an address through the undersigned counsel at 1067 Menoher Boulevard, Johnstown, Cambria County, Pennsylvania 15905.  At all times relevant hereto, Plaintiff was a minor.

2.     The Defendant, Cambria Heights School District ("Cambria Heights" or "District"), is a Pennsylvania public school district, organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 426 Glendale Lake Road, Patton, Cambria County, Pennsylvania 16668.  At all times relevant hereto, Cambria Heights owned, maintained, and operated the Cambria Heights High School, employed the Defendant, Isaac B. Vescovi, and was the recipient of federal funds.

3.     The Defendant, Isaac B. Vescovi ("Vescovi"), is an adult individual residing in the Commonwealth of Pennsylvania, with a residential address at 425 Manor Drive, Ebensburg, Cambria County, Pennsylvania 15931 and a business address at Cambria

Heights High School, 426 Glendale Lake Road, Patton, Cambria County, Pennsylvania 16668. At all times relevant hereto, Mr. Vescovi was employed by Cambria Heights as a teacher at Cambria Heights High School.

## Jurisdiction and Venue

4.     This action arises under the Constitution of the United States of America and is within the federal question jurisdiction of this Honorable Court.

5.     The events giving rise to this action occurred, in part, in Clearfield Township, Cambria County, Pennsylvania, such that personal jurisdiction and venue are proper in the United States District Court for the Western District of Pennsylvania.

6.     The Parties reside in Cambria County, Pennsylvania, such that personal jurisdiction and venue are proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(1).

## Factual Background

7.     Plaintiff hereby incorporates by reference Paragraphs 1 through 6 of this Complaint as if the same were fully set forth herein.

8.     This matter arises from the unlawful and outrageous sexual assault of Plaintiff – a minor – at the hands of Vescovi while Plaintiff was a student at Cambria Heights, and the District's acquiescence, cover-up, and subsequent acts of self-preservation.

9.     Cambria Heights knew that Vescovi had a propensity to and reputation for committing heinous acts against students of the District and was rumored to be in unlawful contact with students of the District – including Plaintiff.

10.     Nonetheless, Cambria Heights recklessly disregarded all relevant, material, and known evidence that Vescovi was in unlawful contact with students of the District – including Plaintiff – causing Plaintiff to suffer abuse at the hands of Vescovi.

11.     When the District obtained actual knowledge that Vescovi groomed Plaintiff and was engaged in an active, illicit sexual relationship with Plaintiff, the District through its agents

– including its teachers, principals, superintendent, and members of the Board of Education – made the affirmative decision that it would not report the crime, would not protect Plaintiff from further harm, and, instead, would undertake actions aimed at protecting the District and Vescovi, despite the further harm that it knew or should have known would be inflicted upon Plaintiff.

### The Grooming, Assault, and Abuse

12.    In or around the spring of 2023, Plaintiff was a sophomore student at Cambria Heights High School.

13.    During that same time, Vescovi was an employee, agent, and/or servant of Cambria Heights, and was employed in the capacity of math teacher.

14.    From the academic year 2021-2022 through the academic year 2023-2024, Vescovi served as Plaintiff's homeroom teacher and, during the 2022-2023 academic year, Vescovi served as Plaintiff's math teacher.

15.    For three (3) years, Vescovi spent his time during homeroom grooming Plaintiff to become a victim of his illicit sexual exploits.

16.    Vescovi would inappropriately flirt with Plaintiff in an attempt to seduce and groom her to become a victim of his abuse.

17.    When Plaintiff was sixteen (16) years old, in addition to opening flirting with Plaintiff while Plaintiff was a student in his homeroom, Vescovi began to message Plaintiff on social media, including the multimedia messaging application, Snapchat.

18.    Vescovi soon began exchanging e-mail with Plaintiff through the District's electronic mail system and exchanging text messages.

19.    Thereafter, Vescovi and Plaintiff exchanged explicit pictures and videos through the use of Snapchat and text message.

20.     Throughout these illicit affairs, Vescovi persuaded Plaintiff to visit him in his classroom when no other students were present, at which time Vescovi and Plaintiff would engage in inappropriate and illicit touching, kissing, and groping.

21.     Around this time, knowledge of the growing relationship between Vescovi and Plaintiff became known throughout Cambria Heights, with students, faculty, and staff openly discussing the illicit relationship between teacher and student.

22.     In the summer months of 2023, Vescovi persuaded – through text message – Plaintiff to travel to Altoona, Blair County, Pennsylvania, in order to meet him in a parking lot where they engaged in illicit touching, kissing, and groping.

23.     On numerous occasions throughout the summer months of 2023, Vescovi convinced Plaintiff to meet him in parking lots in Altoona, Blair County, Pennsylvania, at which time Vescovi and Plaintiff engaged in illicit touching, kissing, and groping.

24.     News of these "dates" to Altoona became widely known throughout the District, leading District personnel to question Vescovi about his relationship with Plaintiff, which resulted in Vescovi admitting to District personnel that he was "hanging out" with Plaintiff.

25.     Nonetheless, the District refused and/or failed to report the illicit relationship or take any action to protect Plaintiff from her assailant.

26.     During that same summer – when Plaintiff was only sixteen (16) years old – Vescovi persuaded Plaintiff to travel – on numerous occasions – to his home residence at 506 Beech Avenue, Patton, Cambria County, Pennsylvania 16668, where Vescovi and Plaintiff engaged in sexual intercourse, in violation of the laws of the Commonwealth.

27.     Throughout the 2023-2024 academic year, Vescovi continued to engage in illicit grooming, flirting, touching, kissing, and groping with Plaintiff.

28.     Vescovi continued to encourage Plaintiff to visit his classroom when no other students were present, at which time Vescovi and Plaintiff would engage in inappropriate and illicit touching, kissing, and groping.

29.     Vescovi continued to exchange messages, photographs, and videos with Plaintiff through Snapchat, text message, and the District electronic mail system.

30.     During the 2023-2024 academic year, Vescovi was employed by the District as the head coach for the girls' basketball team.

31.     During the 2023-2024 basketball season, Vescovi spent this time with Plaintiff – a member of the girls' basketball team – to continue engaging in illicit grooming, flirting, touching, kissing, and groping with Plaintiff.

32.     During the summer months of 2024 – when Plaintiff was only seventeen (17) years old – Vescovi again persuaded Plaintiff to travel – on numerous occasions – to his home residence at 506 Beech Avenue, Patton, Cambria County, Pennsylvania 16668, where Vescovi and Plaintiff engaged in sexual intercourse, in violation of the laws of the Commonwealth.

33.     In September 2024, Vescovi rented a hotel room in Indiana, Indiana County, Pennsylvania, wherein he engaged in sexual intercourse with Plaintiff, in violation of the laws of the Commonwealth.

34.     Vescovi continued his illicit and inappropriate communications and sexual advances toward Plaintiff until around or about October 7, 2024, when his outrageous and illicit conduct resulted in his arrest.

### *The District's Notice*

35.     At all times relevant hereto, Cambria Heights and its agents, employees, and representatives, had actual notice of the illicit sexual assault of Plaintiff at the hands of Vescovi.

36. The relationship between Vescovi and Plaintiff was well-known throughout the Cambria Heights school buildings, with students, staff, and faculty conversing openly about the illicit relationship.

37. The relationship was so well-known at Cambria Heights that the student body submitted and voted for Plaintiff and Vescovi as the "cutest couple" for the yearbook.

38. Upon questioning by agents of the District, Vescovi admitted to District personnel that he was "hanging out" with Plaintiff.

39. At least one teacher at Cambria Heights and a principal in the District were aware of the illicit relationship between Vescovi and Plaintiff.

40. A concerned member of the public informed a teacher employed by the District that the relationship existed and urged the teacher to report the illicit relationship to the proper authorities.

41. Further, a student of the District reported to a teacher employed by the District that the relationship existed.

42. At least one teacher in the District informed a principal that the relationship between Vescovi and Plaintiff was ongoing.

43. Given the well-known nature of the illicit relationship between Vescovi and Plaintiff, the District knew, through its faculty, staff, administration, and/or Board of School Directors, that Vescovi – an employee of the District – was actively carrying out an unlawful sexual assault of Plaintiff – a minor student of the District.

44. Despite the actual knowledge of the sexual assault, the District made the affirmative decision to not report the sexual assault.

### *Vescovi's Arrest and Criminal Charges*

45. On or about October 7, 2024, Vescovi was arrested and charged by the Pennsylvania State Police with crimes related to his sexual assault and abuse of Plaintiff.

46.     The Pennsylvania State Police charged Vescovi with numerous crimes, including of each of the following criminal offenses:

a.  Schools – Intercourse/Sexual Contact with a Student – 18 Pa.C.S.A. § 3124.2(a.2)(1) – a felony of the third degree;

b.  Corruption of Minors – Defendant Age 18 or Above – 18 Pa.C.S.A. § 6301(a)(1)(ii) – a felony of the third degree;

c.  Criminal Use of a Communication Facility – 18 Pa.C.S.A. § 7512(a) – a felony of the third degree; and

d.  Unlawful Contact with Minor – Sexual Offenses – 18 Pa.C.S.A. § 6318(a)(1) – a felony of the third degree.

47.     On or about October 15, 2024, Vescovi was scheduled to have a preliminary hearing, at which time he waived all charges for court.

48.     On or about January 31, 2025, Vescovi pled guilty to Count I of the Information, Schools – Intercourse/Sexual Contact with a Student – 18 Pa.C.S.A. § 3124.2(a.2)(1) – a felony of the third degree.

49.     On or about April 29, 2025, Vescovi was sentenced to serve a term of incarceration in the Cambria County Prison, where he currently resides.

***Injuries and Damages***

50.     At all times relevant hereto, the actions, inactions, and/or conduct of Cambria Heights – and its employees, agents, and representatives – and Vescovi was willful, reckless, and taken in callous disregard of Plaintiff's rights under federal and state law, and with knowledge of the injuries she would sustain.

51.     Cambria Heights' reckless disregard of Vescovi's propensity to and reputation for committing heinous acts against students of the District and reckless disregard of the rumor that he was to be in unlawful contact with students of the District – including Plaintiff, caused Plaintiff to suffer abuse at the hands of Vescovi.

52.     Cambria Heights' reckless disregard of the actual knowledge that Vescovi was sexually assaulting Plaintiff, caused Plaintiff to suffer continued abuse at the hands of Vescovi.

53.     As a direct and proximate result of the unlawful and outrageous sexual assault of Plaintiff – a minor – at the hands of Vescovi, and as a direct and proximate result of the reckless disregard of Plaintiff's safety and security by Cambria Heights, Plaintiff suffered injuries and damages, including, but not limited to:

    a.  Post Traumatic Stress Disorder;

    b.  Anxiety;

    c.  Panic attacks;

    d.  Depression;

    e.  Mental anguish;

    f.  Nightmares;

    g.  Shame;

    h.  Embarrassment;

    i.  Humiliation;

    j.  Significant mental distress;

    k.  Physical manifestation of her mental injuries;

    l.  Loss of self-esteem;

    m.  Loss of enjoyment of life's pleasures;

    n.  Loss of reputation; and

    o.  Monetary losses.

54.     As a direct and proximate result of the above-mentioned actions, inactions, failures, and/or conduct of Defendants, Plaintiff suffered the foregoing injuries and damages.

55.     As a direct and proximate result of the negligent, intentional, reckless, outrageous, wanton, and/or careless actions and/or inactions of Defendants, as set forth more fully herein, Plaintiff claims the full measure of damages allowable under the law, including the imposition of punitive damages.

**COUNT I**

**42 U.S.C. § 1983 – 14th Amendment**

**Due Process**

**Jane Doe**

**v.**

**Cambria Heights School District**

56.     Plaintiff hereby incorporates by reference Paragraphs 1 through 55 of this Complaint as if the same were fully set forth herein.

57.     42 U.S.C. § 1983 provides a remedy for the violation of rights conferred by the United States Constitution.

58.     Under the Fourteenth Amendment to the United States Constitution, Plaintiff had a right to bodily integrity, which was violated by Vescovi's inappropriate and illegal sexual contact, groping, molesting and grooming and Cambria Heights' lack of action to prevent such sexual assault.

59.     There existed in the Cambria Heights School District a custom, practice and/or policy of deliberate indifference to sexual abuse of students and/or active concealment of instances of known or suspected sexual abuse of students.

60.     This custom, practice and/or policy of deliberate indifference was established and maintained by the administrative personnel of Cambria Heights, through their knowing acquiescence and toleration of misconduct on the part of school personnel and the failure or

refusal to take action to stop such conduct and/or train personnel to avoid such instances of misconduct.

61.     This custom, practice and/or policy existed for a significant period of time prior to the sexual assaults upon Plaintiff.

62.     The customs, practices and/or policies of Cambria Heights consisted of, but are not limited to, the following:

    a.  Deliberate indifference of the misconduct and constitutional deprivations perpetrated by its subordinate, agent and employee, Vescovi;

    b.  Failing to properly and timely investigate Vescovi's relationship with Plaintiff;

    c.  Failing to adequately supervise Vescovi and Plaintiff's relationship;

    d.  Failing to remedy Vescovi's misconduct with regard to Plaintiff;

    e.  Deliberate indifference to the constitutional rights of students in the Cambria Heights School District, including Plaintiff;

    f.  Deliberate indifference to the need for training and supervision of teachers, such as Vescovi, with respect to impermissible conduct and contact with students, including Plaintiff;

    g.  Permitting Vescovi to remain in charge of teaching activities, despite knowledge that Vescovi presented a significant threat to the health, safety and welfare of students, including Plaintiff;

    h.  Failing to timely investigate or take any proper disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

    i.  Failing to maintain a resource officer that would provide an outlet to Plaintiff and other students to prevent such incidents from happening;

    j.  Failing to timely and properly investigate and institute disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

    k.  Failing to monitor Vescovi's activities despite actual knowledge that he posed a significant threat to students, including Plaintiff;

    l.  Failing to take timely steps to prevent contact by Vescovi with Plaintiff after actual notice of improprieties;

m. Failing to take timely steps to prevent contact by Vescovi with Plaintiff after Cambria Heights knew or should have known of inappropriate misconduct, communication and interactions between Vescovi and Plaintiff;

n. Failing to adopt, implement and/or follow proper policies and procedures to ensure identification and reporting of sexual abuse of students by teachers;

o. Permitting Vescovi to have unmonitored access to female minor-students;

p. Failing to investigate reports of prior sexual abuse by Vescovi;

q. Failing to adequately supervise Vescovi on Cambria Heights' property;

r. Failing to take proper security measures;

s. Failing to adequately control interaction between students and staff;

t. Failing to provide for the safety and protection of Plaintiff;

u. Providing Vescovi with ready access to young females when Cambria Heights knew or should have known of Vescovi's history of sexual abuse and exploitation of students;

v. Failure to implement policies or procedures regarding sexual abuse;

w. Failure to intervene in the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

x. Failure to prevent the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

y. Failure to protect Plaintiff from the sexual assault by Vescovi, despite actual knowledge of the same; and

z. Failure to report the sexual assault of Plaintiff and the criminal actions of Vescovi, despite actual knowledge of the same and a legal duty and/or obligation to report such behaviors and/or actions.

63.     Cambria Heights, through its decision-makers and policy-makers, including the Superintendent, Principals, and Board of School Directors, implemented a plan, policy, or custom at Cambria Heights that made it clear that the relationship between Vescovi and Plaintiff would not be investigated and would be tolerated.

64.     To the extent there was a plan, policy, practice, or custom of Cambria Heights to investigate, discourage, prevent, or punish such instances of conduct, Cambria Heights,

through its decision makers, made a conscious and deliberate determination not to enforce such policy or plan after receiving notification of the instances of improper, inappropriate, and unprofessional contact between, or conduct by, Vescovi and Plaintiff as set forth in the preceding paragraphs.

65.    Alternatively, Cambria Heights had no plan, policy, or practice in place to investigate and/or prevent sexual misconduct between a teacher and student.

66.    The actions of Cambria Heights, through its decision-makers and policy-makers, including the Superintendent, Principals, and/or Board of School Directors, in failing to investigate and/or improperly investigating Vescovi's conduct and failing and/or refusing to immediately notify law enforcement and/or failing to initiate effective remedial action was undertaken pursuant to a policy, plan, custom, or practice of not pursuing or investigating this situation and, thereby, acquiescing in instances of improper, inappropriate, and unprofessional contacts by teacher- employees with students, or in the alternative, said action was undertaken pursuant to a conscious and deliberate plan or policy to accord preferential treatment to Vescovi.

67.    At all material times, Cambria Heights acted under color of state law and the District acted through its administration, school board members and other agents, servants and employees.

68.    The deliberately indifferent customs, practices and/or policies of Cambria Heights, as set forth above, created a climate in which Vescovi could prey upon Plaintiff with impunity.

69.    As a direct and proximate result of the aforesaid customs, practices, and/or policies of Cambria Heights, Plaintiff was deprived of her rights, privileges and immunities secured by the constitution or laws of the United States, specifically her liberty interest in

personal bodily integrity and freedom from sexual assault and abuse guaranteed under the Fourteenth Amendment to the United States Constitution.

70.    As a result of the customs, practices and/or policies of Cambria Heights, Plaintiff has suffered in the past, and will continue to suffer in the future, from severe mental anguish, embarrassment, humiliation and emotional and physical distress, for which she is entitled to damages.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

<u>COUNT II</u>

<u>42 U.S.C. § 1983 – 14th Amendment</u>

<u>Equal Protection</u>

**Jane Doe**

**v.**

**Cambria Heights School District**

71.    Plaintiff hereby incorporates by reference Paragraphs 1 through 70 of this Complaint as if the same were fully set forth herein.

72.    42 U.S.C. § 1983 provides a remedy for the violation of rights conferred by the United States Constitution.

73.    Under the Fourteenth Amendment to the United States Constitution, Plaintiff had a right to bodily integrity, which was violated by Vescovi's inappropriate and illegal sexual contact, groping, molesting and grooming and Cambria Heights' lack of action to prevent such sexual assault.

74.     The inappropriate and illegal sexual contact, groping, molesting and grooming suffered by Plaintiff was on account of her status as a female.

75.     At all times relevant hereto, the District and its representatives knew that Plaintiff was suffering abuse and harassment at the hands of Vescovi.

76.     With knowledge of the abuse and harassment, the District permitted the abuse and harassment to continue, despite a legal obligation to protect Plaintiff and report the crimes of Vescovi to proper authorities, including law enforcement.

77.     There existed in the Cambria Heights School District, a custom, practice and/or policy of deliberate indifference to sexual abuse of students and/or active concealment of instances of known or suspected sexual abuse of students.

78.     This custom, practice and/or policy of deliberate indifference was established and maintained by the administrative personnel of Cambria Heights, through their knowing acquiescence and toleration of misconduct on the part of school personnel and the failure to take action to stop such conduct and/or train personnel to avoid such instances of misconduct.

79.     This custom, practice and/or policy existed for a significant period of time prior to the sexual assaults upon Plaintiff.

80.     The customs, practices and/or policies of Cambria Heights consisted of, but is not limited to, the following:

     a. Deliberate indifference of the misconduct and constitutional deprivations perpetrated by its subordinate, agent and employee, Vescovi;

     b. Failing to properly and timely investigate Vescovi's relationship with Plaintiff;

     c. Failing to adequately supervise Vescovi and Plaintiff's relationship;

     d. Failing to remedy Vescovi's misconduct with regard to Plaintiff;

e.  Deliberate indifference to the constitutional rights of students in the Cambria Heights School District, including Plaintiff;

f.  Deliberate indifference to the need for training and supervision of teachers, such as Vescovi, with respect to impermissible conduct and contact with students, including Plaintiff;

g.  Permitting Vescovi to remain in charge of teaching activities, despite knowledge that Vescovi presented a significant threat to the health, safety and welfare of students, including Plaintiff;

h.  Failing to timely investigate or take any proper disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

i.  Failing to maintain a resource officer that would provide an outlet to Plaintiff and other students to prevent such incidents from happening;

j.  Failing to timely and properly investigate and institute disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

k.  Failing to monitor Vescovi's activities despite actual knowledge that he posed a significant threat to students, including Plaintiff;

l.  Failing to take timely steps to prevent contact by Vescovi with Plaintiff after actual notice of improprieties;

m.  Failing to take timely steps to prevent contact by Vescovi with Plaintiff after Cambria Heights knew or should have known of inappropriate misconduct, communication and interactions between Vescovi and Plaintiff;

n.  Failing to adopt, implement and/or follow proper policies and procedures to ensure identification and reporting of sexual abuse of students by teachers;

o.  Permitting Vescovi to have unmonitored access to female minor-students;

p.  Failing to investigate reports of prior sexual abuse by Vescovi;

q.  Failing to adequately supervise Vescovi on Cambria Heights' property;

r.  Failing to take proper security measures;

s.  Failing to adequately control interaction between students and staff;

t.  Failing to provide for the safety and protection of Plaintiff;

u.  Providing Vescovi with ready access to young females when Cambria Heights knew or should have known of Vescovi's history of sexual abuse and exploitation of students;

    v.  Failure to implement policies or procedures regarding sexual abuse;

    w.  Failure to intervene in the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

    x.  Failure to prevent the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

    y.  Failure to protect Plaintiff from the sexual assault by Vescovi, despite actual knowledge of the same; and

    z.  Failure to report the sexual assault of Plaintiff and the criminal actions of Vescovi, despite actual knowledge of the same and a legal duty and/or obligation to report such behaviors and/or actions.

81.    Cambria Heights, through its decision-makers and policy-makers, including the Superintendent, Principals, and Board of School Directors, implemented a plan, policy, or custom at Cambria Heights that made it clear that the relationship between Vescovi and Plaintiff would not be investigated and would be tolerated.

82.    To the extent there was a plan, policy, practice, or custom of Cambria Heights to investigate, discourage, prevent, or punish such instances of conduct, Cambria Heights, through its decision makers, made a conscious and deliberate determination not to enforce such policy or plan after receiving notification of the instances of improper, inappropriate, and unprofessional contact between, or conduct by, Vescovi and Plaintiff as set forth in the preceding paragraphs.

83.    Alternatively, Cambria Heights had no plan, policy, or practice in place to investigate and prevent sexual misconduct between a teacher and student.

84.    The actions of Cambria Heights, through its decision-makers and policy-makers, including the Superintendent, Principals, and/or Board of School Directors, in failing to investigate and/or improperly investigating Vescovi's conduct and failing and/or refusing to immediately notify law enforcement and/or failing to initiate effective remedial action was undertaken pursuant to a policy, plan, custom, or practice of not pursuing or investigating this

situation and, thereby, acquiescing in instances of improper, inappropriate, and unprofessional contacts by teacher- employees with students, or in the alternative, said action was undertaken pursuant to a conscious and deliberate plan or policy to accord preferential treatment to Vescovi.

85.    At all material times, Cambria Heights acted under color of state law and the District acted through its administration, school board members and other agents, servants and employees.

86.    The deliberately indifferent customs, practices and/or policies of Cambria Heights, as set forth above, created a climate in which Vescovi could prey upon Plaintiff with impunity.

87.    As a direct and proximate result of the aforesaid customs, practices, and/or policies of Cambria Heights, Plaintiff was deprived of her rights, privileges and immunities secured by the constitution or laws of the United States, specifically her liberty interest in personal bodily integrity and freedom from sexual assault and abuse guaranteed under the Fourteenth Amendment to the United States Constitution.

88.    As a result of the customs, practices and/or policies of Cambria Heights, Plaintiff has suffered in the past, and will continue to suffer in the future, from severe mental anguish, embarrassment, humiliation and emotional and physical distress, for which she is entitled to damages

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## COUNT III

### 42 U.S.C. § 1983 – 14th Amendment

### *Monell* Claim

### Jane Doe

v.

### Cambria Heights School District

89.    Plaintiff hereby incorporates by reference Paragraphs 1 through 88 of this Complaint as if the same were fully set forth herein.

90.    The District is a "person" who is subject to suit under 42 U.S.C. § 1983.

91.    The District failed to properly train, supervise, and/or discipline those individuals under their employ, including Vescovi and those employees who had actual and/or constructive notice of Vescovi's actions.

92.    The District failed to properly train, supervise, and/or discipline those individuals under their employ, including Vescovi and those employees who had actual and/or constructive notice of Vescovi's actions, with respect to impermissible conduct and contact with students.

93.    The District failed to properly train, supervise, and/or discipline those individuals under their employ, including those employees who had actual and/or constructive notice of Vescovi's actions, on their obligations to report suspected child abuse and/or assault and/or neglect.

94.    The District failed to properly train, supervise, and/or discipline those individuals under their employ, including Vescovi and those employees who had actual and/or constructive notice of Vescovi's actions, on their duty to protect students from harm, including harm from those employed by the District.

95.     The District was deliberately indifferent to the fact that their failure to train, supervise, and discipline Vescovi and those employees who had actual and/or constructive notice of Vescovi's actions, regarding the above would lead to unconstitutional conduct which was likely to lead to violations of constitutional rights and the resulting harm, including Plaintiff's, as set forth more fully herein.

96.     The District had in place a policy and/or custom of ignoring reports of sexual violence and/or assault against female students.

97.     The District had in place a policy and/or custom of not reporting to the proper authorities sexual violence and/or assault against female students.

98.     The District had in place a policy and/or custom of permitting dangerous and sexually violent teachers to remain employed in the schools of the District.

99.     The customs, practices and/or policies of Cambria Heights consisted of, but is not limited to, the following:

    a. Deliberate indifference of the misconduct and constitutional deprivations perpetrated by its subordinate, agent and employee, Vescovi;

    b. Failing to properly and timely investigate Vescovi's relationship with Plaintiff;

    c. Failing to adequately supervise Vescovi and Plaintiff's relationship;

    d. Failing to remedy Vescovi's misconduct with regard to Plaintiff;

    e. Deliberate indifference to the constitutional rights of students in the Cambria Heights School District, including Plaintiff;

    f. Deliberate indifference to the need for training and supervision of teachers, such as Vescovi, with respect to impermissible conduct and contact with students, including Plaintiff;

    g. Permitting Vescovi to remain in charge of teaching activities, despite knowledge that Vescovi presented a significant threat to the health, safety and welfare of students, including Plaintiff;

h.  Failing to timely investigate or take any proper disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

i.  Failing to maintain a resource officer that would provide an outlet to Plaintiff and other students to prevent such incidents from happening;

j.  Failing to timely and properly investigate and institute disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

k.  Failing to monitor Vescovi's activities despite actual knowledge that he posed a significant threat to students, including Plaintiff;

l.  Failing to take timely steps to prevent contact by Vescovi with Plaintiff after actual notice of improprieties;

m.  Failing to take timely steps to prevent contact by Vescovi with Plaintiff after Cambria Heights knew or should have known of inappropriate misconduct, communication and interactions between Vescovi and Plaintiff;

n.  Failing to adopt, implement and/or follow proper policies and procedures to ensure identification and reporting of sexual abuse of students by teachers;

o.  Permitting Vescovi to have unmonitored access to female minor-students;

p.  Failing to investigate reports of prior sexual abuse by Vescovi;

q.  Failing to adequately supervise Vescovi on Cambria Heights' property;

r.  Failing to take proper security measures;

s.  Failing to adequately control interaction between students and staff;

t.  Failing to provide for the safety and protection of Plaintiff;

u.  Providing Vescovi with ready access to young females when Cambria Heights knew or should have known of Vescovi's history of sexual abuse and exploitation of students;

v.  Failure to implement policies or procedures regarding sexual abuse;

w.  Failure to intervene in the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

x.  Failure to prevent the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

y.  Failure to protect Plaintiff from the sexual assault by Vescovi, despite actual knowledge of the same; and

z. Failure to report the sexual assault of Plaintiff and the criminal actions of Vescovi, despite actual knowledge of the same and a legal duty and/or obligation to report such behaviors and/or actions

100. The actions and/or inactions of the District were the direct and proximate cause of Plaintiff's injuries and damages, as set forth more fully herein, and were the direct and proximate cause of the violation of Plaintiff's constitutional rights, as set forth more fully herein.

101. The policies and/or customs of the District were the direct and proximate cause of Plaintiff's injuries and damages, as set forth more fully herein, and were the direct and proximate cause of the violation of Plaintiff's constitutional rights, as set forth more fully herein.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## COUNT IV – Violation of Title IX

## 20 U.S.C. § 1681

**Jane Doe**

**v.**

**Cambria Heights School District**

102. Plaintiff hereby incorporates by reference Paragraphs 1 through 101 of this Complaint as if the same were fully set forth herein.

103. Plaintiff, on the basis of her sex, was denied benefits and/or subjected to discrimination under an education program or activity receiving federal funding.

104. The sex-based harassment was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the

school.

105.    Cambria Heights created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because: (a) Plaintiff was a member of a protected class; (b) she was subjected to sexual harassment in the form of a sexual assault and sexual harassment by a teacher; (c) she was subjected to harassment based on her sex; and (d) she was subjected to a hostile educational environment created by Cambria Heights' lack of policies and procedures and/or failure to properly investigate and/or address the sexual assault and subsequent harassment.

106.    Cambria Heights and its officials had actual knowledge of Vescovi's sexual misconduct and the resulting sexual assault and harassment of Plaintiff.

107.    Plaintiff was further denied benefits and/or subjected to discrimination under an education program or activity receiving federal funding due to Cambria Heights' failure to investigate and discipline Vescovi in a timely manner, after having knowledge of Vescovi's sexual misconduct and harassment of Plaintiff.

108.    Cambria Heights's failure to promptly and appropriately respond to the sexual misconduct resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in Cambria Heights' education program in violation of Title IX.

109.    Cambria Heights failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

110.    Cambria Heights persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

111.    Cambria Heights engaged in a pattern and practice of behavior designed to discourage and dissuade students who had been sexually assaulted, from seeking protection

and prosecution of sexual assaults.

112.    Further, Cambria Heights engaged in a pattern and practice of behavior designed to dissuade teachers and other mandated reporters from reporting suspected misconduct, including, but not limited to, their failure to promulgate or enforce a sexual harassment policy.

113.    This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students, including Plaintiff.

114.    Cambria Heights had actual notice of the relationship involving Vescovi and Plaintiff and had an opportunity to rectify the violation/discrimination, but failed to do so.

115.    Cambria Heights had actual notice of the violation and was deliberately indifferent to the discrimination.

116.    Plaintiff was subjected to a sexually hostile educational environment.

117.    At all times relevant hereto, Cambria Heights acted under color of state law and the District acted through its administration, school board members and other agents, servants and employees.

118.    Cambria Heights had actual notice of the harassment and hostile environment, but were deliberately indifferent to the harassment and hostile environment.

119.    As a result of the customs, practices and/or policies and/or lack thereof of Cambria Heights, Plaintiff has suffered in the past, and will continue to suffer in the future, from severe mental anguish, embarrassment, humiliation and emotional and physical distress.

120.    The District's conduct – including, but not limited to, permitting Vescovi to sexually assault Plaintiff – was so severe and pervasive that it deprived Plaintiff of access to the educational opportunities provided by the District.

121.    The District had actual notice of Vescovi's sexual assault of Plaintiff and had

the opportunity to stop the sexual assault and protect Plaintiff from Vescovi; however, the District decided to refrain from remedying the violation.

122.    Based upon the foregoing violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, Plaintiff has suffered in the past, and will continue to suffer in the future, from severe mental anguish, embarrassment, humiliation and emotional and physical distress.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

## COUNT V – Negligence

**Jane Doe**

**v.**

**Cambria Heights School District**

123.    Plaintiff hereby incorporates by reference Paragraphs 1 through 122 of this Complaint as if the same were fully set forth herein.

124.    At all times relevant hereto, the District owed a duty to students attending its schools, including Plaintiff, to keep students safe from harm, including harm resulting from sexual assault by District employees.

125.    At all times relevant hereto, the District owed a duty to students attending its schools, including Plaintiff, to keep its schools free of any unsafe or hazardous conditions which reasonably might give rise to damage or injury, including those individuals with a propensity to sexual assault minor children.

126.    At all times relevant hereto, the District owed a duty to students attending its schools, including Plaintiff to inspect, monitor, and examine its schools to ensure that its

schools do not present or contain an unsafe or hazardous condition or person, including those individuals with a propensity to sexual assault minor children.

127.    At all times relevant hereto, the District owed a duty to students attending its schools, including Plaintiff to report the suspected abuse, assault, or neglect of minor children in its schools to proper authorities, including law enforcement.

128.    The District – its agents, servants and/or employees – breached its duties owed to students attending its schools, including Plaintiff, by engaging, or failing to engage, in some or all of the following particulars, including:

a.  Failing to monitor its employees to ensure that those employees do not present a hazard to students;

b.  Failing to supervise its employees to ensure that those employees do not present a hazard to students;

c.  Failing to monitor its employees to ensure that those employees do not sexually assault students;

d.  Failing to supervise its employees to ensure that those employees do not sexually assault students;

e.  Failing to monitor its employees to ensure that those employees comply with the legal obligations of reporting suspected child assault and/or abuse and/or neglect;

f.  Failing to supervise its employees to ensure that those employees comply with the legal obligations of reporting suspected child assault and/or abuse and/or neglect;

g.  Failing to provide notice and/or warnings that its employees present a hazard and/or danger to students;

h.  Failing to provide notice and/or warnings that its employees have a propensity to commit crimes against students, including sexual assault;

i.  Failing to block Vescovi's access to students, despite knowing that Vescovi was a danger to students and had a propensity to commit crimes against students, including sexual assault;

j.  Failing to remove Vescovi from the facilities, schools, and/or grounds of the District, despite knowing that Vescovi was a danger to students and had a propensity to commit crimes against students, including sexual assault;

k.  Failing to remove Vescovi from the facilities, schools, and/or grounds of the District, despite knowing that Vescovi was actively sexually assaulting a student of the District, namely, Plaintiff;

l.  Permitting and/or allowing unsafe and/or hazardous employees to remain unsupervised and/or unmonitored until such time as the unsafe and/or hazardous employees could be removed from the District;

m.  Failing to keep its students safe from harm, including harm from teachers with a known propensity to commit crimes against students, including sexual assault;

n.  Failing to keep its students safe from harm, including harm from teachers, including harm from teachers who were actively sexually assaulting students of the District;

o.  Failing to enact proper methods, policies, procedures, rules, or regulations procedures for the prevention of crimes against students, including those designed to protect students from sexual assault;

p.  Failing to follow proper methods, policies, procedures, rules, or regulations procedures for the prevention of crimes against students, including those designed to protect students from sexual assault;

q.  Failing to timely and appropriately report the sexual assault of Plaintiff, despite actual knowledge of Vescovi's commission of such crime;

r.  Failing to adequately train its agents, employees, and/or representatives on their obligations to report suspected child abuse and/or assault and/or neglect;

s.  Failing to properly and timely investigate Vescovi's relationship with Plaintiff;

t.  Failing to adequately supervise Vescovi and Plaintiff's relationship;

u.  Failing to remedy Vescovi's misconduct with regard to Plaintiff;

v.  Permitting Vescovi to remain in charge of teaching activities, despite knowledge that Vescovi presented a significant threat to the health, safety and welfare students, including Plaintiff;

w.  Failing to timely investigate or take any proper disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

x.  Failing to maintain a resource officer that would provide an outlet to Plaintiff and other students to prevent such incidents from happening;

y. Failing to timely and properly investigate and institute disciplinary action against Vescovi, who Cambria Heights knew posed a significant threat to the health, safety and welfare of students, including Plaintiff;

z. Failing to monitor Vescovi's activities despite actual knowledge that he posed a significant threat to students, including Plaintiff;

aa. Failing to take timely steps to prevent contact by Vescovi with Plaintiff after actual notice of improprieties;

bb. Failing to take timely steps to prevent contact by Vescovi with Plaintiff after Cambria Heights knew or should have known of inappropriate misconduct, communication and interactions between Vescovi and Plaintiff;

cc. Failing to adopt, implement and/or follow proper policies and procedure to ensure identification and reporting of sexual abuse of students by teachers;

dd. Permitting Vescovi to have unmonitored access to female minor-students;

ee. Failing to investigate reports of prior sexual abuse by Vescovi;

ff. Failing to take proper security measures;

gg. Failing to adequately control interaction between students and staff;

hh. Failing to provide for the safety and protection of students, including Plaintiff;

ii. Providing Vescovi with ready access to young females when Cambria Heights knew or should have known of Vescovi's history of sexual abuse and exploitation of students;

jj. Failure to implement policies or procedures regarding sexual abuse; and

kk. Failure to intervene in the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

ll. Failure to prevent the sexual assault of Plaintiff at the hands of Vescovi, despite actual knowledge of the same;

mm. Failure to protect Plaintiff from the sexual assault by Vescovi, despite actual knowledge of the same; and

nn. Failure to report the sexual assault of Plaintiff and the criminal actions of Vescovi, despite actual knowledge of the same and a legal duty and/or obligation to report such behaviors and/or actions.

129. Vescovi was convicted of Institutional Sexual Assault, 18 Pa.C.S.A. § 3124.2(a.2)(1), a felony of the third degree, for his role in assaulting and abusing Plaintiff,

which resulted from the negligence and/or carelessness on the part of the District.

130.   As a result of the negligence, carelessness, and/or other liability producing conduct on the part of the District, Plaintiff has suffered the injuries and damages set forth herein.

131.   The conduct of Cambria Heights and/or its agents, servants and/or employees, as set forth more fully herein, was willful, outrageous, beyond the bounds of decency, and taken with a reckless indifference to the interests of Plaintiff, such that their conduct shocks the conscious, so as to warrant the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## COUNT VI – Vicarious Liability

**Jane Doe**

**v.**

**Cambria Heights School District**

132.   Plaintiff hereby incorporates by reference Paragraphs 1 through 131 of this Complaint as if the same were fully set forth herein.

133.   At all times relevant hereto, Vescovi was an actual, apparent and/or ostensible agent, servant and/or employee of Cambria Heights and was acting within the course and scope of his professional duties, employment, agency and/or servitude with Cambria Heights, and, as such, Cambria Heights is vicariously liable for the actions and/or inactions of Vescovi.

134.   At all times relevant hereto, Cambria Heights engaged agents, servants and/or employees, including teachers, principals, administrators, superintendents, and/or members of the Board of Education, who were acting within the course and scope of their professional

28

duties, employment, agency and/or servitude with Cambria Heights, and, as such, Cambria Heights is vicariously liable for the actions and/or inactions of these agents, servants and/or employees.

135.    The conduct of Cambria Heights and/or its agents, servants and/or employees, as set forth more fully herein, was willful, outrageous, beyond the bounds of decency, and taken with a reckless indifference to the interests of Plaintiff, such that their conduct shocks the conscious, so as to warrant the imposition of punitive damages.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, attorney's fees and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

<u>**COUNT VII – Assault**</u>

**Jane Doe**

**v.**

**Isaac B. Vescovi**

136.    Plaintiff hereby incorporates by reference Paragraphs 1 through 135 of this Complaint as if the same were fully set forth herein.

137.    Vescovi, through his actions, as set forth above, intended to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive conduct, and did in fact cause such apprehension.

138.    Vescovi, through his actions set forth above, intended and/or caused Plaintiff to suffer an apprehension that a harmful or offensive conduct was imminent.

139.    As a result of Vescovi's actions, as set forth above, Plaintiff has suffered the injuries and damages set forth herein.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## COUNT VIII – Battery

**Jane Doe**

**v.**

**Isaac B. Vescovi**

140.    Plaintiff hereby incorporates by reference Paragraphs 1 through 139 of this Complaint as if the same were fully set forth herein.

141.    Vescovi, through his actions, as set forth above, caused Plaintiff to suffer a harmful or offensive contact, as set forth more fully herein.

142.    Vescovi, through his actions, as set forth above, intended to cause Plaintiff to suffer such a harmful or offensive contact, as set forth more fully herein.

143.    Vescovi, through his actions, as set forth above, caused Plaintiff to suffer an apprehension that a harmful or offensive contact was imminent.

144.    As a result of Vescovi's actions, as set forth above, Plaintiff has suffered the injuries and damages set forth herein.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment and damages in her favor in an amount in excess of the limits of compulsory arbitration, including punitive damages, and costs of suit, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

Respectfully submitted,

SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

*/s/ Ronald P. Carnevali, Jr.*
Ronald P. Carnevali, Jr., Esquire
I.D. No. 47733
rcarnevali@spencecuster.com
Michael J. Parrish, Jr., Esquire
I.D. 74834
mparrish@spencecuster.com
Toby D. McIlwain, Esquire
I.D. No. 316074
tmcilwain@spencecuster.com

*Attorneys for Plaintiff,*
*Jane Doe*

1067 Menoher Boulevard
Johnstown, Pennsylvania 15905
(814) 536-0735 (telephone)
(814) 539-1423 (facsimile)