# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | CASE NO. 3:25-cv-00181-SLH |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CAMBRIA HEIGHTS SCHOOL | : | |
| DISTRICT and ISAAC B. VESCOVI, | : | |
| Defendants. | : | ELECTRONICALLY FILED |

## ANSWER WITH AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant Cambria Heights School District ("the District") by its attorneys, Marshall Dennehey, hereby answers the Amended Complaint filed in the above-captioned matter, and in support thereof the District states the following:

## ANSWER TO PARTIES

1. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

2. Admitted.

3. The allegations of this paragraph are directed to a party other than the District, and accordingly no response is provided. To the extent a response is required, the District only admits that Defendant Vescovi previously was employed by the District as a teacher at the High School.

## ANSWER TO JURISDICTION AND VENUE

4. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.

5. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.

6. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.

## ANSWER TO FACTUAL BACKGROUND

7. The District incorporates by reference its responses to Paragraphs 1-6 above as if more fully set forth at length herein.

8. Denied.  The allegations of this paragraph, as they pertain to the District, are specifically denied.  Strict proof is demanded.

9. Denied.  The allegations of this paragraph are specifically denied.  Strict proof is demanded.

10. Denied.  The allegations of this paragraph are specifically denied.  Strict proof is demanded.

11. Denied.  The allegations of this paragraph are specifically denied.  Strict proof is demanded.

12. Admitted.

13. Admitted with qualification.  It is admitted that during the 2022-2023 school year, Vescovi was employed by the District as a math teacher at the High School.

14. Admitted.

15. Denied.  The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied.  Strict proof is demanded.  By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

16. Denied.  The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied.  Strict proof is demanded.  By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

17. Denied.  The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied.  Strict proof is demanded.  By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge

18. Admitted in part; denied in part.  It is admitted that at times Plaintiff and Vescovi exchanged emails using District-issued email addresses.  The District lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and accordingly they are denied.  Strict proof is demanded.

19. Denied.  The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied.  Strict proof is demanded.  By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

20. Denied.  The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied.  Strict proof is demanded.  By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

21. Denied. The allegations of this paragraph are specifically denied.  Strict proof is demanded.

22. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

23. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

24. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

25. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

26. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

27. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

28. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof

is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

29. Admitted in part; denied in part. It is admitted that at times Plaintiff and Vescovi exchanged emails using District-issued email addresses. The District lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

30. Admitted.

31. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

32. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

33. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and accordingly they are denied. Strict proof is demanded. By way of further response, if Vescovi indeed engaged in the conduct as alleged in this paragraph, he did so without the District's knowledge.

34. Admitted in part; denied in part. It is admitted, upon information and belief, that Vescovi was arrested on or around October 7, 2024. The District lacks knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

35. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are specifically denied. Strict proof is demanded.

36. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are specifically denied. Strict proof is demanded.

37. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded. By way of further response, it is specifically denied that any member of the student body voted for Plaintiff and Vescovi as the "cutest couple" for the High School yearbook, as is alleged. Strict proof is demanded.

38. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

39. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

40. Denied. The allegations of this paragraph as stated are specifically denied. By way of further response, at the time of the alleged report referenced herein, the so-called "concerned member of the public" previously had worked as a public school teacher for another nearby school district and maintained an active teaching certification issued by the Pennsylvania Department of Education. Despite the foregoing, this "concerned member of the public" failed to make a ChildLine report or otherwise contact law enforcement about any concerns she may have had about an alleged relationship between Plaintiff and Vescovi.

41. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

42. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

43. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

44. Denied. The allegations of this paragraph are specifically denied. Strict proof is demanded.

45. Admitted in part; denied in part. It is admitted upon information and belief that Vescovi was arrested on or about October 7, 2024. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

46. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

47. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

48. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

49. Denied. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and accordingly they are denied. Strict proof is demanded.

50. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

51. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

52. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

53. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

54. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

55. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

**ANSWER TO COUNT I**

**42 U.S.C. § 1983 – 14th Amendment**

**Due Process**

**Jane Doe v. Cambria Heights School District**

56. The District incorporates by reference its response to Paragraphs 1-55 above as if more fully set forth at length herein.

57. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.

58. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

59. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

60. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

61. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

62. Denied. The allegations of this paragraph, inclusive of subparagraphs a -z, constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

63. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

64. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

65. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

66. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

67. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

68. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

69. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

70. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing Count I of the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

## ANSWER TO COUNT II

## 42 U.S.C. § 1983 – 14th Amendment

## Equal Protection

## Jane Doe v. Cambria Heights School District

71. The District incorporates by reference its responses to Paragraphs 1-70 above as if more fully set forth at length herein.

72. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.

73. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

74. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

75. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

76. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

77. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

78. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

79. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

80. Denied. The allegations of this paragraph, inclusive of subparagraphs a – z, constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

81. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

82. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

83. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

84. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

85. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

86. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

87. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

88. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing Count II of the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

## ANSWER TO COUNT III

## 42 U.S.C. § 1983 – 14th Amendment

## *Monell* Claim

### Jane Doe v. Cambria Heights School District

89. The District incorporates by reference its responses to Paragraphs 1-88 above as if more fully set forth at length herein.

90. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

91. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

92. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

93. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

94. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

95. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

96. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

97. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

98. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

99. Denied. The allegations of this paragraph, inclusive of subparagraphs a – z, constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

100. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

101. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing Count III of the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

**ANSWER TO COUNT IV**

**Violation of Title Title IX**

**20 U.S.C. § 1681**

**Jane Doe v. Cambria Heights School District**

102. The District incorporates by reference its responses to Paragraphs 1-101 above as if more fully set forth at length herein.

103. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

104. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

105. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

106. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

107. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

108. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

109. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

110. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

111. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

112. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

113. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

114. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

115. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

116. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

117. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

118. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

119. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

120. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

121. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

122. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing Count IV of the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

## ANSWER TO COUNT V

### Negligence

### Jane Doe v. Cambria Heights School District

123. The District incorporates by reference its responses to Paragraphs 1-122 above as if more fully set forth at length herein.

124. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

125. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

126.  Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

127. Denied.  The allegations of this paragraph constitute conclusions of law to which no further response is required.  To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied.  Strict proof is demanded.

128. Denied. The allegations of this paragraph, inclusive of subparagraphs a – nn, constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

129. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

130. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

131. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing Count V of the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

## ANSWER TO COUNT VI

### Vicarious Liability

### Jane Doe v. Cambria Heights School District

132. The District incorporates by reference its responses to Paragraphs 1-131 above as if more fully set forth at length herein.

133. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

134. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

135. Denied. The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations of this paragraph are deemed to be wholly factual in nature, they are denied. Strict proof is demanded.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing Count VI of the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

## ANSWER TO COUNT VII – ASSAULT

### Jane Doe v. Isaac B. Vescovi

136. - 140. The allegations of these paragraphs are directed to a party other than the District, and accordingly no response is provided. To the extent the factual allegations and/or legal conclusions stated herein refer to the District, they are specifically denied. Strict proof is demanded.

## ANSWER TO COUNT VIII – BATTERY

### Jane Doe v. Isaac B. Vescovi

137. - 146. The allegations of these paragraphs are directed to a party other than the District, and accordingly no response is provided. To the extent the factual allegations and/or legal conclusions stated herein refer to the District, they are specifically denied. Strict proof is demanded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under Title IX, the United States Constitution, 42 U.S.C. § 1983-1988, and state law upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitation as discovery may reveal.

### THIRD AFFIRMATIVE DEFENSE

The District denies that it is liable for any act or omission that would permit Plaintiff to recover any of the relief requested by her Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages to the extent required by law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any actual, compensable damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief requested by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover emotional distress damages against the District as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against the District as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

The District asserts all defenses that may be available under Title IX, 42 U.S.C. §§ 1983-1988 and other applicable law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in whole or in part are barred by the governmental immunity codified in the Pennsylvania Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by her own contributory negligence and/or the provisions of the Pennsylvania Comparative Negligence Act.

## TWELFTH AFFIRMATIVE DEFENSE

The District did not breach any duty it may have owed to Plaintiff under the circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of parties or individuals over whom the District had no control, or right of control.

## FOURTEENTH AFFIRMATIVE DEFENSE

The District is entitled to all remedies and benefits available by any release and/or accord and satisfaction made with any other party made in this case in the past or in the future.

WHEREFORE, the Cambria Heights School District demands judgment in its favor and against Plaintiff, dismissing the Amended Complaint in its entirety with prejudice, together with costs of suit and such other relief as the Court may deem appropriate.

## CROSS-CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13(g)

1. The District incorporates by reference its responses to Paragraphs 1-137 and its Affirmative Defenses above as if more fully set forth at length herein.

2. If it is determined that the Plaintiff is entitled to recover some or all of the damages she has claimed in her Amended Complaint, then Defendant Isaac Vescovi is liable to Plaintiff for those damages.

3. In the alternative, if it is determined that the District is liable to the Plaintiff for some or all of the damages she has claimed in her Amended Complaint, then Defendant Isaac Vescovi is jointly and severally liable to the Plaintiff and/or liable over to the District for contribution and/or indemnification.

WHEREFORE, Defendant Cambria Heights School District states that it is not liable to Plaintiff and requests that this Honorable Court dismiss all claims filed against it. In the alternative, the District states that if Plaintiff is entitled to recover upon her Amended Complaint, then Defendant Isaac Vescovi is liable to the Plaintiff. And, the District further states that if it should be found in any way liable to the Plaintiff, then Defendant Isaac Vescovi is jointly and severally liable to the Plaintiff and/or liable over to the District for contribution and/or indemnification.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

Dated: September 24, 2025    By:    */s/ Christopher J. Conrad*
    Christopher J. Conrad, Esquire
    PA Attorney ID# 202348
    200 Corporate Center Dr., Ste. 300
    Camp Hill, PA 17011
    Ph: 717-651-3531 Fax: 717-651-3707
    Email: cjconrad@mdwcg.com
    *Attorneys for Defendant Cambria Heights*
    *School District*

## VERIFICATION

I, Kenneth Kerchenske, Superintendent of Cambria Heights School District, hereby verify that the statements made in the foregoing Answer with Affirmative Defenses to Amended Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 9/22/2025

Kenneth Kerchenske, Superintendent
Cambria Heights School District

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that I served a true and accurate copy of the foregoing document, which was electronically filed via ECF on the below date, and is available for viewing and downloading from the ECF system, on all counsel of record, as follows:

MARSHALL DENNEHEY, P.C.

Dated:  September 24, 2025          By:     */s/ Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Attorney ID# 202348
200 Corporate Center Dr., Ste. 300
Camp Hill, PA 17011
Phone:  (717) 651-3531
Fax:  (717) 651-3707
Email:  cjconrad@mdwcg.com
*Attorneys for Defendant Cambria Heights*
*School District*